Matter of Gluck v Agency Within LLC (2024 NY Slip Op 00864)

Matter of Gluck v Agency Within LLC

2024 NY Slip Op 00864

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 654262/22 Appeal No. 1691-1692 Case No. 2023-00597, 2023-00958 

[*1]In the Matter of Andrew Gluck, Petitioner-Respondent,
v
Agency Within LLC, Doing Business as Within, Joseph Yakuel et al., Respondents-Appellants. 

Blank Rome LLP, New York (Eamon O'Kelly of counsel), for appellants.
Cooley LLP, New York (Rachel W. Thorn and D. Jason File of counsel) and Kasowitz Benson Torres LLP, New York (David Kupfer of counsel), for respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered February 15, 2023, awarding petitioner the total amount of $1,705,118.04, and bringing up for review an order, same court and Justice, entered December 23, 2022, which, inter alia, granted the petition to confirm the final arbitration award, dated September 30, 2022 granting attorneys' fees, and denied the cross-petition to vacate the final award, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Here, the arbitrator identified and applied the correct factors for determining attorneys' fees, and the motion court thus properly declined to substitute its view of "reasonableness" for that of the arbitrator (Matter of Sprinzen [Nomberg], 46 NY2d 623, 629-630 [1979]).
For the same reason, the arbitrator did not manifestly disregard the law, which would require that that the arbitrator intentionally disregard the relevant factors (see Matter of Daesang Corp. v NutraSweet Co., 167 AD3d 1, 15—16 [1st Dept 2018], lv denied 32 NY3d 915 [2019]). Finally, because the arbitrator applied well-established criteria for determining attorneys' fees and did not manifestly disregard the law, no public policy grounds for vacatur are at issue.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024